IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | BANKRUPTCY NO. 13-02935 |
| **KUDZU MARINE, INC.,** | * | |
| | * | |
| Debtor. | * | |
| | * | |
| **DENISE LITTLETON, As Trustee of the** | * | |
| **Bankrupt Estate of Kudzu Marine, Inc.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | ADVERSARY NO. 15-00148 |
| | * | |
| **LANAC INVESTMENTS, LLC,** | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Trustee's Motion to Alter or Amend Order Granting Henry Marine's Motion for Administrative Expenses. That Order, (Doc. 86), entered December 20, 2017, allowed Henry Marine Service, Inc. ("Henry Marine") an administrative expense claim pursuant to 11 U.S.C. § 503(b) for expenses related to preserving and maintaining a barge now known as the AGB 1801 (hereinafter, "the 1801").

The Kudzu Marine bankruptcy has presented this Court with abundant novel legal issues, some being matters of first impression, and some being equitable conundrums for the Court. While this Court is a court of both law and equity, when the search for equity ignores the application of existing precedent in the law, error and injustice may occur. Such is the result in this case. A review of the law and facts in light of the Trustee's Motion to Alter or Amend compels this Court to enter a holding different than it had originally decided. Consequently, this Court finds that the Trustee's Motion to Alter or Amend must be GRANTED, and this Court's

prior ruling that Henry Marine should be allowed an administrative expense is due to be and hereby is VACATED for the following reasons.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the order of reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has authority to enter a final order.

## FACTUAL AND PROCEDURAL HISTORY

The facts of this case are largely undisputed, and are summarized as follows.

On August 19, 2015, the Chapter 7 Trustee, Denise Littleton, (hereinafter the "Trustee"), brought an adversary proceeding[1] against Lanac Investments, LLC, ("Lanac"), claiming the Debtor, Kudzu Marine, Inc., ("Kudzu"), fraudulently conveyed the 1801 to Lanac approximately 85 days before Kudzu filed for Chapter 7 relief. The adversary proceeding requested relief in the form of rescission of the sale so the Estate would gain ownership of the 1801, or, alternatively, to enter a money judgment in favor of the Estate for the true value of the 1801.

After a trial on the merits of the lawsuit, this Court entered an opinion finding that constructive fraud existed because Lanac did not pay a reasonably equivalent value for the 1801. (A.P. Doc. 59). This Court also held that Lanac had a good faith defense and was entitled to a lien on the 1801 for the amount of its purchase price and the amount of money spent on improvements. Consequently, this Court ordered Lanac to remove the 1801 from service and hold it in trust until the amount of the lien could be determined and the 1801 sold by the Trustee

---

[1] The adversary proceeding is styled, *Littleton v. Lanac Investments, LLC.,* 15-148-JCO, *In re Kudzu Marine, Inc.,* 569 B.R. 192 (S.D. Ala. Mar. 13. 2017). All document references from this proceeding will be referenced as "A.P. Doc. 1." All other document references relate to the main case, *In re Kudzu Marine, Inc.,* 13-2935-JCO.

at public auction. The 1801, at that time, was already out of service with an expired Coast Guard certificate of inspection, and was moored at and being maintained by Henry Marine.

After this Court entered its opinion ordering the 1801 be taken out of service, the Trustee and Lanac, instead of selling the 1801, determined there was no equity in the 1801 and reached a court-approved settlement which dissolved the trust and restored legal and equitable title in the 1801 to Lanac.

It is the mooring, preservation, and maintenance that Henry Marine performed during the time period between when this Court entered its opinion and when full title was released back to Lanac that Henry Marine bases its request for an administrative expense. (Doc. 60).

The Trustee filed her objection to the request on the grounds, *inter alia,* that the services performed by Henry Marine benefitted only Lanac, as owner of the vessel. She argued the Estate derived no benefit from either the 1801 *or* Henry Marine's services. (Doc. 75 at 8). Henry Marine filed its reply brief reasserting that its preservation of the 1801 created an actual and concrete benefit to the Estate. (Doc. 83).

On November 28, 2017, a hearing was held on this issue. The Court heard argument from the parties and considered the record as a whole in making its determination. Guided by the equities of the case, this Court entered an order granting Henry Marine an administrative expense for the preservation and maintenance it performed on the 1801 from March to November.

On January 3, 2018, the Trustee filed her Motion to Alter, Amend or Vacate this Court's Order granting the administrative expense reiterating her position that no actual, concrete benefit was derived by the Estate from the services rendered by Henry Marine. (Doc. 89). Henry Marine filed its objection to the Motion on the grounds that the Trustee failed to meet the

requirements of a valid motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure, namely, that the Trustee failed to submit any new factual or legal argument sufficient to cause this Court to overturn its order awarding Henry Marine its administrative expense claim. A hearing was held on January 30, 2018 on the Trustee's Motion. The Court again considered the arguments of the parties, and the record as whole, and found in favor of the Trustee for the following reasons.

## CONCLUSIONS OF LAW

The Trustee filed a Federal Rule of Bankruptcy Procedure 9023 Motion to Alter or Amend this Court's prior order which granted Henry Marine an administrative expense. Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates and makes applicable Rule 59 of the Federal Rules of Civil Procedure to bankruptcy cases. Motions to alter or amend may be granted where the moving party shows at least one of the three following circumstances: 1) an intervening change in the law, 2) newly discovered evidence, or 3) to correct clear error or prevent manifest injustice. *In re Strength,* 562 B.R. 799, 804 (Bankr. M.D. Ala. 2016) (*citing Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010). The decision to alter or amend a judgment is in the sound discretion of the court. *In re Davis*, 2015 WL 2208373, at *2 (Bankr. N.D. Ala. May 8, 2015) *(citing Futures Trading Comm'n v. Am. Commodities Group,* 753 F.2d 862, 866 (11th Cir. 1984)). Having considered the arguments raised by the Trustee, this Court finds that the Trustee has demonstrated the need to correct clear error or prevent manifest injustice.

This Court's prior order granted Henry Marine's motion for administrative expense claim pursuant to 11 U.S.C. § 503(b). The priority of an administrative expense is the highest. *In re Subscription Television of Greater Atlanta,* 789 F.2d 1530, 1532 (11th Cir. 1986) (*citing* 11

U.S.C. 507(a)(1)). The allowance of such a priority is to be carefully considered. *Id.* A decision to grant a claim administrative status pursuant to section 503(b) is within the discretion of the trial court. *See In re Scott,* 209 B.R. 777, 782 (Bankr. S.D. Ga. 1997) (*citing In re Verco Indus.,* 20 B.R. 664 (B.A.P. 9th Cir. 1982)). However, that discretion is limited by the Eleventh Circuit's holding that "there must be an actual, concrete benefit to the estate" before a claim is allowable as an administrative expense. *In re Subscription Television of Greater Atlanta* at *1532 (citing Broadcast Corp. v. Broadfoot,* 54 B.R. 606, 613 (N.D. Ga. 1985)). Additionally, the benefit inquiry is subjective and must be made on a case-by-case basis. *In re Moody & Sons, Inc.*, 473 B.R. 828, 833 (M.D. Fla. 2013). In determining whether a concrete benefit is conferred in a particular case, a court must keep in mind that § 503(b)(1)(A) should be narrowly construed in order to maximize the value of an estate for the benefit of all creditors. *In re Colortex Indus., Inc.,* 19 F.3d 1371, 1377 (11th Cir. 1994). Furthermore, the burden of proving entitlement to an administrative expense is on the claimant. *In re Fulwood Enters. Inc.,* 149 B.R. 712, 715 (Bankr. M.D. Fla. 1993).

This court granted Henry Marine's motion on the basis that Henry Marine's dockage and maintenance of the 1801 produced an actual benefit to the Estate. Upon reflection, this Court acknowledges that while the benefit to the Estate was debatable, this Court nonetheless allowed Henry Marine's request for an administrative expense due to equitable concerns stemming from this Court ordering the 1801 be taken out of service and held in trust for the benefit of the Estate. At first blush, this Court anticipated the Estate would receive an actual and concrete benefit from the services performed by Henry Marine; however, the argument raised by the Trustee regarding the lack of any equity or an insurable interest in the 1801 now compels this Court to conclude differently.

In an effort to ensure that Henry Marine was treated fairly, this Court mistakenly allowed the equities of the case to override the well-settled law regarding the determination of the existence of an administrative expense. In support of its request, Henry Marine submitted an affidavit setting forth relevant charges related to the 1801 which included entries for both maintenance and dockage services. The maintenance clearly inured to the benefit of the 1801, and *not* the Trustee; however, the dockage services are more difficult to characterize. Because the Trustee had only an inchoate equitable interest in the 1801, and ultimately, the parties agreed there was no equity to be realized for the Estate, the dockage services, in the end, benefitted only Lanac, the owner of the 1801.

Consequently, after a further review of the facts of this case, and a reconsideration of the applicable law, this Court must find that there was no actual, concrete benefit to the Estate. Therefore, this Court finds that the Trustee has carried her burden of proof under Rule 9023, and, this Court's order is due to be vacated to correct clear error. This Court's prior Order granting the motion for administrative expense is therefore due to be and hereby is VACATED, and Henry Marine's original Motion for Administrative Expense, (Doc. 60), is hereby DENIED.

Dated: March 8, 2018

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE